United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

ZYNGA GAME NETWORK INC.,

Plaintiff,

v.

JOHN DOES 1-5 D/B/A EASY CHIPS,

Defendant.

Case No. CV-09:5232 JF (PVT)

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF ZYNGA'S MOTION FOR LEAVE TO CONDUCT THIRD PARTY DISCOVERY**

**[Docket No. 5]**

**INTRODUCTION**

Plaintiff Zynga Game Network, Inc. ("Zynga") moves to conduct third party discovery on GoDaddy.com, Inc. ("GoDaddy"), HostGator, LLC ("HostGator), ThePlanet.com Internet Services, Inc. ("ThePlanet"), 4D Web Hosting ("4D"), and PayPal, Inc. ("PayPal"). The purpose of the motion is to obtain discovery to identify and locate the defendants. (Motion for Leave to Conduct Third Party Discovery, 1:13.) Having reviewed the papers and considered the arguments of counsel,

IT IS HEREBY ORDERED that Plaintiff Zynga's motion is GRANTED in part and DENIED in part as follows.

**BACKGROUND**

Zynga is a social gaming company that provides, *inter alia*, online poker games, word games, board games, role playing games and party games. In addition to being available on its website, Zynga makes its games available through social networking websites and applications.

Plaintiff has undertaken efforts to protect its name and mark, including availing itself of protections provided by a Federal Trademark Registration.

When users sign up with Zynga to play a game, they receive a certain number of virtual "chips" that they can use to compete in games with other players. Players can either increase their "chips" through their play by winning or by purchasing more "chips" from Zynga. Zynga is the sole owner and distributor of "chips" and has incorporated certain security measures to prevent the unauthorized purchase, sale, and transfer of its "chips."

In the present action, Zynga has alleged claims against ZYNGACHIPS.US for the unauthorized sale of Zynga "chips." Through this domain name, Defendants sell "chips" that users can spend on Plaintiff's website or through its applications. Defendants use Zynga's mark and similar variations of it in advertising and for selling "chips." Plaintiff has never authorized Defendants to use the mark Zynga, sell "chips," or transfer "chips" to a player on Zynga.

**LEGAL STANDARD**

Rule 45 authorizes issuance of a subpoena to command a nonparty to produce designated documents, electronically stored information, or tangible things in its possession, custody or control. Fed. R. Civ. P. 45(a)(1)(A)(iii). "[T]he scope of discovery through subpoena is the same as that applicable to Rule 34 and the other discovery rules." Advisory Committee Notes (1970). Rule 34 states that "[a] party may serve on any other party a request within the scope of Rule 26(b)." Fed. R. Civ. P. 34(a). Rule 26(b) states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b). Discovery is subject to certain limitations and is not without "ultimate and necessary boundaries." *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 680 (N.D. Ca. 2006) (citing *Pacific Gas and Elec., Co. v. Lynch*, 2002 WL 32812098, at *1 (N.D. Cal. August 19, 2002).

Under Rule 26, a court must limit the frequency or extent of discovery if it determines any of the following:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii).

Rule 26(d)(1) further states, "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed R. Civ. P. 26(d)(1). The Ninth Circuit applies the "good cause" standard in determining whether discovery should proceed prior to a Rule 26(f) conference. *See In re Countrywide Fin. Corp. Derivative Litig.*, 542 F. Supp. 2d 1160, 1179 (C.D. Cal. 2008). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool, Inc. v. Tokyo Electron Am.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). Additionally, good cause is frequently found in cases involving claims of infringement and unfair competition. *Id.*

## DISCUSSION

### I. Four Part Test Described in *Columbia Insurance Co. v. Seescandy.com*

In support of its motion, Plaintiff cites to the four part test in *Columbia Ins. Co. v. Seescandy.com.* The four parts include: (1) identifying the Defendants with enough specificity to allow the Court to determine whether the Defendants are a real person or entity who could be sued in federal court; (2) recounting the steps taken to locate the defendant; (3) showing that its action could survive a motion to dismiss; and (4) filing a request for discovery with the Court identifying the persons or entities on whom discovery process might be served. Plaintiff argues that this framework should be applied to the present case and on that basis, the court should allow Plaintiff to conduct limited discovery to locate and identify Defendants.

#### A. Application of the *Seescandy.com*'s Requirements

Plaintiff has argues that it meets the four part test set forth above. First, the Defendants are individuals or entities who have created and operated the infringing websites in violation of federal and state laws. Second, Plaintiff has tried to discover Defendants' identities by examining information in the public Whois Internet domain name database, analyzing the links to third-party

websites, examining the source code of the infringing website, contacting Defendants at the emails listed on the PayPal payment processing page, and on the Whois database information page. Third, Plaintiff has shown that Defendants have committed various trademark and service mark violations. Fourth, the limited discovery sought from the third-parties here will likely allow Plaintiff to identify and name Defendants. Because Zynga meets all of the requirements set forth in *Seescandy.com*, Plaintiff's request to conduct discovery regarding the identity of the defendants is granted in part and denied in part.

**II. Document Requests**

In Plaintiff's proposed order, Plaintiff seeks document requests from four web hosting sites, including GoDaddy, HostGator, ThePlanet, and 4D Web Hosting, and from PayPal. For the four web hosting sites, the proposed subpoena states that Zynga may obtain "all billing and account records (including all Internet domain names), server logs, website content, contact information, transaction histories and correspondence for the persons or entities that have purchased services from [pertinent hosting site name] in connection with the Internet domain name ZYNGACHIPS.US."

The proposed subpoena for PayPal states that Plaintiff may obtain "all billing and account records, server logs, contact information, transaction histories and correspondence for the persons or entities that have established accounts with PayPal, Inc. using the email addresses zyngachips_us@yahoo.com or easychips09@yahoo.com."

**A. The Scope of the Subpoenas Includes Documents Outside of Plaintiff's Stated Purpose.**

Plaintiff states that the purpose of the limited discovery is to obtain the true identities and locations of Defendants. However, the proposed subpoenas would allow Plaintiff to not only obtain discovery regarding Defendants' identities but also discovery regarding any "person[] or entit[y] that ha[s] purchased services from" one of the above listed web hosting sites. Additionally, the subpoenas call for all server logs, website content, and other information that is linked, however remotely, to ZYNGACHIPS.US. In order to comply with the requirements of a "limited" discovery, Plaintiff must narrow the scope of the subpoenas to determine Defendants' identities and locations.

*See* Fed. R. Civ. Proc. 4 (in order to effectuate service of notice, identity and location of the individual must be known); *Mansoori v. Lappin*, 2005 U.S. Dist. LEXIS 28587 (D. Kan. Sept. 21, 2005) (citing *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 389 n.1 (1971)) (identity and location of unknown defendants was needed before service was complete). To seek discovery beyond that scope exceeds the "limited" discovery allowed for Plaintiff's stated purpose. *See UMG Recordings, Inc. v. Doe,* 2008 U.S. Dist. LEXIS 79087 (N.D. Cal. Sept. 2, 2008) (as part of limited discovery, third parties were contacted to obtain identity and location of unknown defendants).

**CONCLUSION**

IT IS HEREBY ORDERED,

Having considered Plaintiff Zynga Game Network Inc.'s Motion for Leave to Conduct Third Party Discovery, the supporting declaration of Sean Hanley, and the pleadings on file in this matter, Plaintiff Zynga's motion is GRANTED in part and DENIED in part.[1]

Plaintiff Zynga may serve a subpoena on third-party GoDaddy.com, Inc. to produce all documents necessary to obtain the name, current and permanent addresses, telephone numbers, and valid e-mail addresses of the owner(s) of ZYNGACHIPS.US or similar information suitable for identification and location of defendants.

Plaintiff Zynga may serve a subpoena on third-party HostGator.com, LLC to produce all documents necessary to obtain the name, current and permanent addresses, telephone numbers, and valid e-mail addresses of the owner(s) of ZYNGACHIPS.US or similar information suitable for identification and location of defendants.

Plaintiff Zynga may serve a subpoena on third-party ThePlanet.com Internet Services, Inc. to produce all documents necessary to obtain the name, current and permanent addresses, telephone numbers, and valid e-mail addresses of the owner(s) of ZYNGACHIPS.US or similar information suitable for identification and location of defendants.

Plaintiff Zynga may serve a subpoena on third-party 4D Web Hosting to produce all

[1]Denial of certain discovery is without prejudice to a renewed motion on further showing. Additionally, leave of court is required for any "follow-up" subpoenas.

documents necessary to obtain the name, current and permanent addresses, telephone numbers, and valid e-mail addresses of the owner(s) of ZYNGACHIPS.US or similar information suitable for identification and location of defendants.

Plaintiff Zynga may serve a subpoena on third-party PayPal, Inc. to produce all documents necessary to obtain the name, current and permanent addresses, telephone numbers, and valid e-mail addresses of the person or entities that have established accounts with PayPal, Inc. using the email addresses zyngachips_us@yahoo.com or easychips09@yahoo.com.

IT IS SO ORDERED.

Dated: January 21, 2010

PATRICIA V. TRUMBULL
United States Magistrate Judge