1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**E-Filed 12/8/10**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| ZYNGA GAME NETWORK INC.,<br><br>                     Plaintiff,<br><br>     v.<br><br>HARRY ZULYANTO, an individual, and<br>JOHN DOES 2-5,<br><br>                     Defendant. | Case No. 5:09-cv-05232-JF (PVT)<br><br>ORDER[1] GRANTING IN PART<br>PLAINTIFFS' MOTION FOR<br>ATTORNEYS' FEES AND COSTS<br><br>[Docket No. 25] |

On October 6, 2010, this Court entered default judgment against Defendant Harry Zulyanto ("Defendant"). Plaintiff Zynga Game Network, Inc. ("Plaintiff") moves for an award of attorneys' fees and costs pursuant to 15 U.S.C. § 1117(a). The Court has considered the moving and responding papers and oral argument of Plaintiff's counsel presented at the hearing on December 3, 2010. For the reasons discussed below, the motion will be granted in part.

///

///

---

[1]  This disposition is not designated for publication in the official reports.

# I. BACKGROUND

**A.    Factual history**

Plaintiff is a social gaming company, offering online entertainment such as poker, word games, board games, and "Maffia Wars." "Zynga" is a registered United States Trademark, No. 3,685,749. This action involves Zynga Poker (the "Game"), in which players receive a certain number of virtual chips upon agreeing to the conditions of Plaintiff's terms of service. The terms of service prohibit players from exchanging the chips for anything of value outside of the Game. Defendant operates several websites, including ZYNGACHIPS.US, through which he sells chips to the Game. Plaintiff alleges that Defendant has infringed Plaintiff's mark because his use of that mark is likely to cause confusion. Plaintiff also alleges that Defendant is liable for several other violations unrelated to the trademark claim.

**B.    Procedural history**

Plaintiff filed the instant action on November 4, 2009. Plaintiffs' motion to serve Defendant via electronic mail was granted on May 26, 2010. Defendant was served on June 1, 2010, but he has not appeared in this action. Defendant's default was entered on June 28, 2010. Default judgment was entered on October 1, 2010.

# II. LEGAL STANDARD

The Lanham Act provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a). A case is "exceptional" when "'the infringement is malicious, fraudulent, deliberate or willful.'" *Gracie v. Gracie*, 217 F.3d 1060, 1068 (9th Cir. 2000) (quoting *Lindy Pen Co., Inc. v. Bic Pen Corp.*, 982 F.2d 1400, 1409 (9th Cir. 1993)). "In an award of 'reasonable attorney fees' pursuant to the Lanham Act, a party cannot recover legal fees incurred in litigating non-Lanham Act claims unless 'the Lanham Act claims and non-Lanham Act claims are so intertwined that it is impossible to differentiate between work done on claims.'" *Id.* at 1069 (quoting John W. Crittenden & Eugene M. Pak, *Monetary Relief Under Lanham Act Section 35*, *in* LITIGATING COPYRIGHT, TRADEMARK & UNFAIR COMPETITION CASES FOR THE EXPERIENCED PRACTITIONER 1998, 419 (PLI Pat., Copyrights, Trademarks and Literary Property Course Handbook Series No. 537, 1998)). "The

2

1    starting point for determining a reasonable fee is the 'lodestar' figure, which is the number of

2    hours reasonably expended multiplied by a reasonable hourly rate." *Gates v. Deukmejian*, 987

3    F.2d 1392, 1397 (9th Cir. 1992). "Although in most cases, the lodestar figure is presumptively a

4    reasonable fee award, the district court may, if circumstances warrant, adjust the lodestar to

5    account for other factors which are not subsumed within it." *Ferland v. Conrad Credit Corp.*,

6    244 F.3d 1145, 1149 n.4 (9th Cir. 2001).

7         The Lanham Act also provides that a mark holder may recover the costs of the action in

8    the event of willful infringement.  15 U.S.C. § 1117(a).  The award of costs under § 1117(a) is

9    within the sound discretion of the court, and based on equities of each particular case, court may

10   limit costs to those mentioned in 28 U.S.C. § 1920.  *People for the Ethical Treatment of Animals*

11   *v Doughney*, 263 F.3d 359, 371 (4th Cir. 2001).

12                                   **III. DISCUSSION**

13        Plaintiff seeks $9,934.50 is attorneys' fees and $2,306.28 in costs.  "[U]pon default[,] the

14   factual allegations of the complaint, except those relating to the amount of damages, will be

15   taken as true."  *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977) (citing *Pope v.*

16   *United States*, 323 U.S. 1 (1944); *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974)).  Plaintiff

17   alleges in the operative pleading that Defendant's infringement was malicious and willful, (*see*

18   First Amended Complaint ¶ 39), and upon default, such allegations are sufficient to establish that

19   this is an "exceptional" case for purposes of 15 U.S.C. § 1117(a).

20        Plaintiff has submitted the billing records of its attorneys, who include Christopher Varas

21   ("Varas"), Tara Rose ("Rose"), Dennis Wilson ("Wilson"), and David Caplan ("Caplan").  Varas

22   has more than seven years of litigation experience (five of which are in intellectual property

23   litigation), bills at $350 per hour, and spent 17.9 hours working on the instant matter.  (Varas

24   Decl. ¶¶ 4, 13.)  Rose has two years of litigation experience, bills at $230 per hour, and spent

25   11.8 hours working on the instant matter.  (*Id.* at ¶¶ 7, 16.)  Wilson has more than eighteen years

26   of intellectual property litigation experience, bills at $495 per hour, and spent 2.7 hours working

27   on the instant matter.  (*Id.* at ¶¶ 6, 15.)  Caplan has more than fourteen years of intellectual

28   property litigation experience, bills at $460 per hour, and spent 1.4 hours working on the instant

1   matter.  (*Id.* at ¶¶ 5, 14.)   The number of hours that Plaintiff's counsel have spent on the case

2   appears to be reasonable, particularly in light of the third-party discovery that was necessary to

3   attempt service through traditional means.  The hourly rates of the attorneys are reasonable in

4   comparison to the results of a survey of the rates of intellectual property attorneys conducted in

5   2008 by the American Intellectual Property Association.  (*Id.*, Ex. 1.)  Accordingly, Plaintiff is

6   entitled to collect $9,934.50 in attorneys' fees.

7        While Plaintiff seeks $2,306.28 in costs, $1,830.00 of those costs relate to the delivery of

8   documents to the Court, and are not recoverable pursuant to 28 U.S.C. § 1920.  Accordingly,

9   Plaintiff is entitled to collect $476.28 in costs.

10                                      **IV.  ORDER**

11        Good cause therefor appearing, IT IS HEREBY ORDERED that the motion for attorneys'

12   fees and costs is GRANTED IN PART as set forth above.

13

14   DATED: 12/8/2010                    _____

15                                       JEREMY FOGEL
                                         United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

4